AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF __Massachusetts__

UNITED STATES OF AMERICA

V.

JOSEPH FENTON

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 98-MJ0111-LPC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 18, 1998__ in __Worcester__ county, in the _____ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense)

in violation of Title __18__ United States Code, Section(s) __1073__

I further state that I am a(n) __Special Federal Officer__ and that this complaint is based on the following
                                          Official Title
facts:

See Attached Affidavit.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__December 15, 1998__ at __Boston, Massachusetts__
Date                                                              City and State

Lawrence P. Cohen
Magistrate Judge
_____           _____
Name & Title of Judicial Officer                             Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

Boston, Massachusetts
December 7, 1998

I, MICHAEL H. KOZAK, Special Federal Officer (SFO), FEDERAL BUREAU OF INVESTIGATION (FBI), being duly sworn, upon my oath depose and state as follows:

1. The Massachusetts Parole Board has requested FBI assistance in locating and apprehending JOSEPH FENTON.

2. I have conducted an investigation and determined the following:

    a. On June 14, 1983, JOSEPH FENTON was convicted of the felony crimes of Armed Robbery; Assault with Intent to Murder (Armed); Assault By Means of a Dangerous Weapon; and, Carrying Dangerous Weapon in Worcester Superior Court, Worcester, Massachusetts;

    b. JOSEPH FENTON was sentenced on June 14, 1983 on these felony convictions to ten to twenty years; ten to twenty years concurrent; nine to ten years concurrent; and, four to five years concurrent, respectively, in state prison;

    c. The crime of Armed Robbery is a felony under Massachusetts General Law, Chapter 265, Section 17; the crime of Assault with Intent to Murder (Armed) is a felony under Massachusetts General Law, Chapter 265, Section 15A; and, Carrying Dangerous Weapon is a felony under Massachusetts General Law, Chapter 269, Section 10A;

d. JOSEPH FENTON was paroled on the above sentences on February 2, 1990;

e. The expiration and discharge date on the sentences was November 13, 2002;

f. Parole Officer MARCIA AZORES reported that JOSEPH FENTON had a condition on his parole that he participate in substance abuse counseling; Parole Officer AZORES reported difficulty in getting JOSEPH FENTON to comply with this parole condition despite repeated warnings and order to start counseling; about the time Parole Officer AZORES determined that JOSEPH FENTON failed to attend counseling, JOSEPH FENTON also moved with no forwarding address;

g. On July 20, 1990, Parole Officer MARCIA AZORES reported that JOSEPH FENTON was whereabouts unknown in violation of his parole conditions and failing to attend counseling in violation of his parole conditions;

h. Parole Officer AZORES believes JOSEPH FENTON absconded parole supervision because he anticipated that his parole would be revoked and he would be re-incarcerated for failing to attend counseling;

i. On August 10, 1990, the Massachusetts Parole Board issued an arrest warrant for JOSEPH FENTON under Massachusetts General Law, Chapter 127, Section 149;

j. On November 18, 1998, information was received from the London (England) Metropolitan Police that JOSEPH FENTON had been located in London, England where he was born;

k. Efforts by law enforcement to locate and arrest JOSEPH FENTON within the Commonwealth of Massachusetts have been fruitless;

3. Following a diligent investigation by local, state, and federal authorities, it has been determined that JOSEPH FENTON is no longer residing in the Commonwealth of Massachusetts.

4. The Massachusetts Parole Board has informed me that it will rendite JOSEPH FENTON if he is apprehended in the United States.

5. Attached hereto and made a part hereof is a certified copy of the arrest warrant issued by the Massachusetts Parole Board on August 19, 1990, for the arrest of JOSEPH FENTON; and, a letter from the Massachusetts Parole Board stating their intent to rendite JOSEPH FENTON.

6. Based upon the foregoing facts and upon my experience and training as a Special Federal Officer (SFO) within the FBI, I believe that there is probable cause to believe that JOSEPH FENTON has fled the Commonwealth of Massachusetts to avoid confinement for a crime which is a felony under the laws of the Commonwealth of Massachusetts, and, that JOSEPH FENTON may presently be located in Great Britain.

*[signature: Michael H. Kozak]*
MICHAEL H. KOZAK
Special Federal Officer
FBI, Boston

Subscribed and sworn to before me this ___15th___ day of ___December___, 1998.

_____
U.S. Magistrate Judge



**Sheila A. Hubbard**
Chair

**Natalie R. Hardy**
Executive Director

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Parole Board*
*27-43 Wormwood Street, Suite 300*
*Boston, Massachusetts 02210-1606*

*(617) 727-3271*

December 4, 1998

Donald K. Stern
U.S. Attorney
John McCormick Building
U.S. Court House
Room 1107
Boston, MA  02109

RE:  Application for Unlawful Flight to Avoid Confinement Warrant on Joseph Fenton, W-39774

Dear U.S. Attorney:

The Massachusetts Parole Board would like to make application for a U.F.A.C. warrant for Joseph Fenton charging him with parole violation under M.G.L. Chapter 127, Section 149.  Please see attached notarized warrant.

Joseph Fenton was sentenced on 06-14-83, effective 03-29-83 to Armed Robbery 10-20 yrs., Assault w/int to Murder 10-20 yrs.cc, A+B b/m DW 9-10 yrs. cc, and Carry Dangerous Weapon 4-5 yrs.cc.  Mr. Fenton was released on parole on 02-02-90.  Mr. Fenton is currently whereabouts unknown.  It is believed that Mr. Fenton may be living in Great Britian.

If apprehended, the Parole Board will rendite and will seek a Governor's Warrant if necessary.

Sincerely,

Donald E. Lafratta
Chief of Special Operations

cc:  WU01

PLEASE TYPE
SIGN WITH BALL POINT PEN ONLY — BEAR DOWN

Nº 14811



**COMMONWEALTH OF MASSACHUSETTS**
**Parole Board**

Region __WU__ District __01__

| WARRANT FOR PERMANENT CUSTODY (STATE) | Name of Parolee FENTON, Joseph | Institution Number W39774 |
|---|---|---|
| | | SID Number |

| Date of Birth 10-22-62 | Sex ☒ Male ☐ Female | Race ☐ White ☒ Black ☐ Hispanic ☐ Other | This warrant for permanent custody is issued by the Parole Board in accordance with chapter 127 section 149 of the Massachusetts General Laws. |
|---|---|---|---|

**To any officer authorized to serve criminal process in the Commonwealth of Massachusetts or to any Peace Officer authorized to serve Criminal Process in the United States: you are required to arrest the parolee and convey him/her to** MCI Cedar Junction **. To the superintendent of said institution: you are hereby required to receive the prisoner and safely keep him/her until the expiration of sentence or until otherwise discharged according to law.**

**REASON FOR WARRANT FOR PERMANENT CUSTODY:**

Above named parolee has violated a condition(s) of his/her parole.

| Chairman or Parole Board Member | Date Warrant Issued 8-10-90 |
|---|---|
| Signature of Arresting Officer | Date Arrested |

**RETURN OF SERVICE**

Mail to:
Warrant Unit
Massachusetts Parole Board
27-43 Wormwood Street
Boston, MA 02210-1606

By virtue of this warrant I certify that the above named person has been arrested and placed in custody at:

| Institution | Effective Date of Return |
|---|---|
| Signature of Officer Making Return | Title | Date Returned |

PB-WPCS. 5/1/87

Ronald Jay Rapaport
NOTARY PUBLIC
My commission expires Aug. 14, 2003

white copy — Warrant Unit     yellow copy — institution     pink copy — parole officer